

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*10-325*

*970 Broad Street, Suite 700*  *973/645-2700*
*Newark, NJ 07102*

SEA/PL AGR
2005 R01128

April 21, 2010

Carlos Ortiz, Esq.
LeClairRyan
One Riverfront Plaza
1037 Raymond Boulevard, Sixteen Floor
Newark, New Jersey 07102

      Re: <u>Master Cutlery, Inc.</u>

Dear Mr. Ortiz:

      This letter sets forth the plea agreement between your client, Master Cutlery, Inc., ("Master Cutlery") and the United States Attorney for the District of New Jersey ("this Office").

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Master Cutlery to a two-count Information, which charges importation and conspiring to export prohibited items, in violation of 15 U.S.C. § 1242 and 50 U.S.C. § 1705. If Master Cutlery enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Master Cutlery, or any corporate officer of Master Cutlery, for importing or conspiring to export, or exporting prohibited items between and including November 19, 2003 through September 8, 2008.

      Master Cutlery agrees to waive any applicable statute of limitations argument as to the plea in this case. Additionally, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Master Cutlery may be commenced against it, notwithstanding the expiration of the limitations period after Master Cutlery signs the agreement. Master Cutlery agrees to waive any statute of

limitations with respect to any crime that would otherwise expire after Master Cutlery signs the agreement.

Sentencing

The violation of 15 U.S.C. § 1242 to which Master Cutlery agrees to plead guilty in Count One of the Information carries a statutory maximum sentence of 5 years probation and a maximum fine of $500,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 50 U.S.C. § 1705 to which Master Cutlery agrees to plead guilty in Count Two of the Information carries a statutory maximum sentence of 5 years probation and a maximum fine of five times the value of the exports involved or $1,000,000, whichever is greater. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Master Cutlery is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Master Cutlery ultimately will receive.

In addition to imposing any other penalty on Master Cutlery, the sentencing court:  (1) will order it to pay an assessment of $400 pursuant to 18 U.S.C. § 3013 per count, which must be paid on the date of sentencing;  (2) may order Master Cutlery to pay restitution pursuant to 18 U.S.C. §§ 3563, 3663 and 3664;  (3) may order Master Cutlery, pursuant to 18 U.S.C. § 3555, to give notice to any victims of its offenses;  (4) may order Master Cutlery to remedy the harm caused by its offense pursuant to U.S.S.G. § 8B1.2;  (5) may order Master Cutlery to disgorge any gain to the organization from the offense pursuant to U.S.S.G. § 8C2.9;  (6) may order Master Cutlery to pay the costs of prosecution pursuant to 28 U.S.C. § 1918 and U.S.S.G. § 8E1.3; and (7) may order Master Cutlery to serve a term of organizational probation of not more than five years, pursuant to 18 U.S.C. § 3561 and U.S.S.G. § 8D1.2.  Furthermore, pursuant to 18 U.S.C. § 3563, the court may order, as a special condition of organizational probation, that Master Cutlery (a) comply with a remedial order designed to remedy the harm caused by the offense

and to eliminate or reduce the risk that the instant offense will cause further harm; (b) develop and implement a program to prevent and detect violations of law; (c) perform community service; and (d) satisfy such other provisions as the court imposes.

Should Master Cutlery be placed on a term of organizational probation and subsequently violate any of the conditions of organizational probation before the expiration of its term, the sentencing court may extend the term of probation, impose more restrictive conditions, or revoke probation and resentence the organization.

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Master Cutlery by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Master Cutlery's activities and relevant conduct with respect to this case.

Stipulations

This Office and Master Cutlery agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Master Cutlery from any other portion of this agreement, including any other

stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Master Cutlery waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Master Cutlery. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Master Cutlery. Nothing in this agreement prohibits Master Cutlery from complying with any tax obligations it may have pursuant to the terms of the plea agreement dated September 23, 2008 between Luyum Catherine Shen and this Office relating to a plea for false swearing to a corporate tax return in violation of 26 U.S.C. § 7206(1).

No Other Promises

This agreement constitutes the plea agreement between Master Cutlery and this Office and supersedes any previous agreements between them. No additional promises, agreements, or

conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        PAUL J. FISHMAN
        United States Attorney

        By: Sharon Ashe
        Assistant U.S. Attorney


APPROVED:

Andrew Carey, Chief
Narcotics / OCDETF Unit


    I have received this agreement and understand it fully. I hereby acknowledge that it fully sets forth Master Cutlery's agreement with the Office of the United States Attorney for the District of New Jersey. There have been no additional promises or representations made by any officials or employees of the United States Government in connection with this matter.

        Master Cutlery, Inc.

        _____

        By: Carlos Ortiz, Esq.
        Counsel for Defendant
        Master Cutlery, Inc.

Certification of Counsel

I hereby certify that: a) I am a member in good standing of the bar of the United States District Court for New Jersey; 2) I represent Master Cutlery, Inc., in the matter of *United States v. Master Cutlery, Inc.*; and 3) I have been authorized by the corporation's board of directors to sign this agreement to plead guilty on behalf of the corporation. I make this certification under penalty of perjury.

_____
By: Carlos Ortiz, Esq.
Counsel for Defendant
Master Cutlery, Inc.

<u>Plea Agreement With Master Cutlery</u>
<u>Schedule A</u>

1. The United States and Master Cutlery agree to stipulate at sentencing to the statements set forth below, subject to the conditions in the attached plea agreement.

2. Pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8D1.1 and 8D1.2., the parties agree that the imposition of organizational probation for a term of 2 years would be fair and appropriate.

3. The applicable guideline for determining the imposition of a fine is § 8C2.10. The parties agree that a fine of $100,000 in Count One and $200,266.75 in Count Two would be fair and appropriate; that the defendant is financially able to pay that amount; that payment of that amount does not pose an undue burden on the defendant; and that the defendant shall pay the fine no later than 30 days after sentencing.

4. The parties agree that there is no basis for any upward or downward departure or any upward or downward adjustment not set forth herein. Accordingly, neither party will seek or argue for any departure or adjustment not set forth herein.

5. The parties agree that there is no identifiable victim to this charge that would warrant the imposition of restitution.

6. Master Cutlery knows that the company has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing--including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255--that challenges the sentencing court's determination or imposition of the sentence, if the sentence determined by the court is equal to or less than the stipulated reasonable term of organizational probation set forth in paragraph 2, above, and equal to or less than the stipulated reasonable fine set forth in paragraph 3, above. The government will not file any appeal, motion, or writ that challenges the sentencing court's determination or imposition of the sentence, if the sentence determined by the court is equal to or greater than the stipulated reasonable term of organizational probation set forth in paragraph 2, above, and equal to or greater than the stipulated reasonable fine set forth in paragraph 3, above. Furthermore, any appeal, motion or writ that challenges the sentence Mastery Cutlery receives, or the manner in which it was determined, and that is not barred by these prohibitions, will be

limited to that portion of the sentence that is inconsistent with or not addressed by this sentencing stipulation.

       7.  Both parties reserve the right to oppose any appeal, writ, or motion brought pursuant to the preceding paragraph.  If the sentencing judge has rejected a stipulation, both parties specifically reserve the right to argue in opposition that the sentencing court was within its discretion and authority in doing so.